In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00021-CV


____________________



IN RE MATTHEW D. WHITMIRE






Original Proceeding






 MEMORANDUM OPINION


 Matthew D. Whitmire filed a petition for writ of mandamus that raises a denial of due
process claim in connection with the collection of court costs out of his inmate trust fund
account. We deny relief.

 A $268.00 cost bill issued in Whitmire's criminal case. On January 31, 2006, the trial
court signed an order to pay a percentage of each month's deposits to Whitmire's inmate trust
fund account until the costs were paid. See Tex. Gov't Code Ann. § 501.014 (Vernon
2004). On or about September 22, 2006, Whitmire filed a motion to vacate the order. In the
motion, Whitmire did not contest the amount of the costs assessed or his duty to pay the cost
bill, but argued his inability to pay the court costs should be taken into consideration. 
Whitmire argued that because he cannot secure employment while incarcerated, the effect
of withdrawing 10% of the funds in his account each month is to require his family to pay
the costs. The trial court denied the motion on October 4, 2006. Whitmire filed notice of
appeal almost two years after the trial court denied the motion. We dismissed the appeal
because the notice of appeal was not timely filed. See Whitmire v. State, No. 09-08-00405-CV, 2008 WL 4936988, *1 (Tex. App.-Beaumont Nov. 20, 2008, no pet.). 

 An intentional deprivation of property does not violate the Due Process Clause if the
state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533,
104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Here, Whitmire had at his disposal an adequate post-deprivation remedy; namely, a motion for relief that was heard by the trial court. In this case,
Whitmire failed to prove that the post-deprivation remedy available to him was an inadequate
means of addressing the matters he raised in his petition. Accordingly, the petition for writ
of mandamus is denied. 

 PETITION DENIED.

 PER CURIAM

Opinion Delivered February 26, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.